Judge Owsley,
delivered the opinion of the court.
This was an ejectment brought by Hord, to recover the possession of a tract of land from Walton, the title whereof be asserted under an adverse patent to that under which Walton holds.
On the trial in the circuit court, Walton relied upon a continued adverse possession against Hord’s claim for upwards of twenty years; and after proving that a certain Smith, and those claiming under him, had entered upon the land in contest, under a claim adverse to both his and Hord’s claims, and remained thereon possessed until they were dispossessed by him in a suit brought against them, and that he has continued in the possession ever since, making a continued adverse possession in him, and those claiming under Smith, for upwards of twenty years before the commencement of Hord’s ejectment: the court instructed the jury, that the possession so gained and continued, could not bar Hord’s right to recover, or toll his right of entry.
Whether, therefore, the court erred in the instructions to the jury, is the only question for determination in the present case.
The case in this court, of Shannon against Kenny, &c. (1 Marshall, 3,) is decisive against the instructions given by the court to the jury. In that case, although the possession of the defendants, and those under whom they claim *621 ed, had not continued for twenty years; yet as their possession, when united with that of the possession of another from whom they obtained it, in pursuance to a decree entered upon an award giving them the land in virtue of an adverse claim, made a continued possession for twenty years, the possession was held a bar to the plaintiff’s right to recover under an adverse claim. In that case, it is true, the possession was not obtained by the defendants under an execution upon the decree, but by its being surrendered to them by the person against whom the decree was pronounced; whereas, in the present case, the possession of the defendant appears to have been obtained under an execution which issued upon a judgment in his favor against those first holding the possession. But that case did not turn merely upon the circumstance of the person against whom the decree was entered, having surrendered the possession, but upon the ground of there having been a continued adverse possession against the plaintiff’s claim for upwards of twenty years.
The right of entry is tolled if there has been 20 years adverse uninterrupted possession though such adverse possession may have been under distinct claims.
Wickliffe for appellant, Talbot for appellee.
Upon the authority of that case, therefore, the judgment in this must be reversed with costs, the cause remanded, and further proceedings had, not inconsistent with this opinion.